## In re MATTHEWS.

Decided July 18, 1923.    (217 Pac. 250.)

ATTORNEY AND CLIENT—CONDUCT OF ATTORNEY IN SECURING FUNDS OF CLIENT AND FAILING TO RETURN PURSUANT TO AGREEMENT HELD TO WARRANT DISBARMENT. Where an attorney, after appearing in an action for divorce for a client, advised the client to place his money in his hands, so that he could settle the wife's demands for alimony, and pursuant to such advice received $3,500 from his client, who was then 72 years old and incompetent to manage his own affairs, with the understanding that unused money would be returned, and with instructions that the client was to show his receipt to no one, and where he, after the divorce proceedings had been dropped failed to return any of the money, except $1,000 paid to guardians appointed over the client, and, after promising to make additional payments, left the state, keeping his whereabouts unknown, *held*, that his conduct constituted flagrant violation of his duty and warranted disbarment.

Original disbarment proceedings against Bertrand N. Matthews.

RESPONDENT DISBARRED.

PER CURIAM.

On February 14, 1919, Bertrand N. Matthews presented to this court his certificate of admission to the Supreme Court of Wyoming and was duly admitted to practice as an attorney and counselor at law in the courts of this state, since which time he has been, and now is, a member of the bar of this court.

On June 5, 1922, a complaint in writing signed by Mrs. A. Smith and Rufus Smith was lodged with the Grievance Committee of this court heretofore appointed "with full power and authority to receive, entertain and hear complaints and grievances against members of the bar of this court, and make findings and reports as to the result of their hearings and in-

vestigations, with recommendations in the premises," in which complaint it was alleged that the complainants were the guardians of one Robert Miller, an incompetent, and as such they charged the said Matthews with unprofessional and wrongful conduct towards the said Robert Miller. The charges preferred are reflected in the findings of the committee, hereinafter set out in full.

On July 10, 1922, notice was served upon Matthews (hereinafter called respondent) by the committee, in which he was advised of the charges preferred against him, and on July 15th he consulted with the committee and was furnished with a copy of the charges and granted until August 1st in which to make answer thereto. Thereafter, upon request of counsel for respondent, the time to make answer was extended until August 15th. No answer having been made, the committee again addressed a communication to the respondent on September 7th, in which he was advised that—

"Unless such answer is filed within two days from his date the hearing of the above-mentioned charges will be set down in the usual course."

Thereafter, on September 8th, respondent addressed a lengthy communication to the committee setting forth in detail his version of the controversy. He admitted therein the receipt of the $3,500 referred to in the findings, as also the payment by Miller to him of the sum of $85, paid to him at various times. He stated, and the record shows, that he has repaid of the amounts received by him the sum of $1,000. He insisted that the sums so received by him from Miller were paid to him for his efforts in Miller's behalf in the contemplated divorce proceedings referred to in the findings of the commission.

On September 25, 1922, a hearing was had before the committee, the complainants being present in person, and by their attorney, respondent also being present in person, and by his attorney. Robert Miller was called and examined on behalf of both complainants and respondent. Thereupon, by agreement of the parties, the time for further hearing was extended until May 14, 1923, at which last-mentioned date it

was represented to the committee that respondent had left the state, counsel for respondent stating that he was unable to communicate with respondent, his whereabouts not being known to counsel. The matter was then submitted and taken under advisement by the committee upon the evidence previously adduced, with leave granted to counsel for respondent to apply to the committee, within two weeks thereafter, for leave to submit further testimony. Such application was not made. On June 14, 1923, the committee made the following findings:

"That in the month of August, 1919, the said Robert Miller, answering an advertisement for free legal consultation published by the defendant Matthews, consulted with him with reference to some difficulty that he, Miller, was having with his wife, which connection of attorney and client continued with consultations at intervals until October, 1921; that the several consultations were paid for by the said Miller; that in October, 1921, an action for divorce was brought on behalf of Miller by Matthews; that on November 7th Matthews informed Miller that his wife had answered in the case and had demanded alimony and advised said Miller, in substance, to place his money in his hands so that he could settle with the wife in order to prevent the wife from getting all of it, and not to let any one know what he was doing; that acting upon such advice the said Miller drew from the bank the sum of $3,500 and delivered it to Matthews, which sum was to be used for the purpose of settling the wife's claim for alimony, her attorney's fee and expenses, the remainder to be returned to him. At the time said sum was delivered the defendant Matthews gave Miller the receipt marked 'Exhibit F' herein; that at that time said Matthews told Miller to put the receipt away and not show it to any one, and the latter did not read it; that at that time the said Matthews drafted, and said Miller executed, the document authorizing Matthews to negotiate with his (Miller's) wife, or her attorney, for the settlement of their property rights (marked 'Exhibit G' and attached hereto); that at the time of the execution of said document, and of the relation of the said parties herein, the said Miller was of the age of about 72 years, and that shortly thereafter, namely, on the 8th day of December, 1921, was adjudged an incompetent, and the complainants appointed as his guardians; that after such appointment as guardians the complainants demanded of said Matthews the return of said money—the divorce proceedings having been dropped —and that said Matthews was unable to make restitution of same.

"The committee finds that the acts of said Matthews, in his dealings with the said Miller, were wholly unprofessional and

wrongful, whether said money was paid over to said Matthews for use of making settlement of said matter, in which case said Matthews has failed to account for the same, or whether the same was, paid to him for legal services, as recited in receipt Exhibit F, in which case the amount thereof, is so grossly excessive, in consideration of the services rendered, as to be improper and unprofessional."

The exhibits referred to in the committee's findings were duly filed in this court as a part of the record of the proceedings had at the hearing. It is not deemed necessary to set them out in full herein or to otherwise state their contents.

In its recommendations to this court the committee, among other things, states:

"Inasmuch as the said Matthews has repaid the said guardians the sum of $1,000.00, and has for a period of more than one year offered to repay an additional $2,000.00 and has secured continuations of the hearing before this committee upon promises to make repayment of same and has failed to do so, and has now, as is reported to this committee, departed from the city and state his present whereabouts being unknown; and in view of the size of the transaction, the condition of the said Robert Miller at the time of said dealings and the gravity of the offense, it is the committee's recommendation that the said B. N. Matthews be disbarred from practicing in all courts of the state of Utah for such period as your honorable court may determine."

The findings and recommendations are fully sustained by the evidence, oral and documentary, presented for our consideration. After a careful review thereof, we can come to no other conclusion than that the respondent has been guilty of a flagrant violation of duty to his client, Miller, and guilty of conduct unbecoming a member of his profession. Such conduct on the part of an attorney evidences an unfitness on his part for the confidence and trust which attend the relation of attorney and client and the practice of law before the courts; shows a lack of honesty and good moral character; renders him unworthy of public confidence; and constitutes a ground for disbarment. As stated by the author in 6 C. J. 591:

"It is always a ground for the disbarment of an attorney that he has misappropriated the funds of his client, either by failing to pay over money collected by him for his client or by appropriating

to his own use funds entrusted to his care, provided the circumstances attending the transaction are such as to satisfy the court that the attorney is acting in bad faith or with a fraudulent purpose."

It is ordered that the respondent, Bertrand N. Matthews, be disbarred from practicing as an attorney and counselor at law in the courts of this state, and that his name be stricken from the roll of attorneys of this court.